**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JAMIE RAYNES**<br>**SHANNON TAYLOR RAYNES**<br>**KENNETH CHRISTOPHER RAYNES** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-5018 C/W 10-1730** |
| **MCMORAN EXPLORATION COMPANY** | **SECTION "I"** |

## SECOND AMENDED JUDGMENT

This matter came before the Court for trial by jury on previous days. Considering the record, the answers by the jury to the interrogatories propounded by the Court, and the law,

**IT IS ORDERED** that there be judgment in the above-captioned case in favor of plaintiff, Jamie Raynes ("Raynes"), against defendant, McMoRan Exploration Company ("McMoRan"), in the amounts of:

(1) $2,445,241.00 plus pre-judgment interest at the Louisiana rate from the date of demand[1] and post-judgment interest pursuant to 28 U.S.C. § 1961(a)[2] for past and future physical pain and suffering, past lost earnings,[3] past and future loss of enjoyment of life and past medical expenses;

(2) $2,168,320.00 plus post-judgment interest pursuant to 28 U.S.C. § 1961(a) for future loss of earnings[4] and future medical expenses; and

(3) all court costs.

---

[1] This is a consolidated case. McMoRan was named as a defendant in Civil Action No. 08-5018 but was later dismissed. Raynes filed a second lawsuit against McMoRan in Louisiana state court. That case was removed to this Court (Civil Action No. 10-1730) and consolidated with 08-5018. As of trial, Raynes' only remaining claims were those alleged in 10-1730. Accordingly, the date of demand is the date of demand in 10-1730 – *i.e.*, May 4, 2010.

[2] *See Nissho-Iwai Co., Ltd. v. Occidental Crude Sales, Inc.*, 848 F.2d 613, 622 (5th Cir. 1988).

[3] R. Doc. No. 324.

[4] R. Doc. No. 324.

**IT IS FURTHER ORDERED** that there be judgment in favor of McMoRan and against plaintiffs, Shannon Taylor Raynes ("Shannon") and Kenneth Christopher Raynes ("Kenneth"). Shannon and Kenneth's claims for loss of consortium are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all of plaintiffs' claims asserted against parties previously dismissed on summary judgment[5] – Newfield Exploration Company, Petro Construction Management, LLC, and Production Services Network U.S., Inc. – are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court's determination that Grasso Production Management, Inc., is obligated by contract to defend and indemnify Petro Construction Management, LLC, is a final judgment.[6]

**IT IS FURTHER ORDERED** that the complaint of intervention[7] filed by Grasso Production Management, Inc., and Signal Mutual Indemnity Association, Ltd., is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, February 13, 2012.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

[5] R. Doc. Nos. 181, 224 and 268.
[6] R. Doc. No. 182.
[7] R. Doc. Nos. 14 and 265.